UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CURTIS LEROY BROWN,

        Plaintiff,

                                        Case No. 1:07-cv-764

v.

                                        Hon. Wendell A. Miles

MICHIGAN DEPARTMENT OF CORRECTIONS,
and PAROLE BOARD,

        Defendants.

_____/


OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

      Plaintiff, Curtis LeRoy Brown, is a prisoner within the Michigan Department of Corrections. He filed this action under 42 U.S.C. § 1983 against the Michigan Department of Corrections and Parole Board, claiming the Parole Board violated his due process rights. On November 9, 2007, United States Magistrate Judge Hugh W. Brenneman submitted a Report and Recommendation (R & R) recommending that the complaint be dismissed for failure to state a claim. Plaintiff filed his objections to the R & R. For the reasons that follow, the court overrules Plaintiff's objections, and adopts the R & R of the Magistrate Judge.

      This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Id.

Plaintiff is serving a sentence of one to five years for operating a motor vehicle while under the influence of alcohol or drugs, third offense.  He alleges that in denying him parole, the Parole Board relied on false information that he was homosexual predator. The Magistrate Judge correctly and thoroughly set forth the well established law governing due process rights with regard to Michigan parole hearings.

To sustain his due process claim, Plaintiff must  establish that eligibility for parole is a recognized liberty interest, entitled to protection by the Due Process Clause.  Meachum v. Fano, 427 U.S. 215, 224 (1976); Bd. of Pardons v. Allen, 482 U.S. 369, 381 (1987).  Liberty interests protected by the Due Process Clause may arise from the Constitution itself or from the provisions of state law.  Hewitt v. Helms, 459 U.S. 460, 466 (1983).  It is well settled that a prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence, *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), nor has Michigan law created a liberty interest.  Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir. 1994); Glover v. Mich. Parole Bd., 596 N.W.2d 598, 603-04 (Mich. 1999).  Moreover, a prisoner's unilateral expectation does not create a constitutionally protected entitlement or liberty interest.  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  In the absence of a protected liberty interest, the due process clause has no application.  Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235-36 (6th Cir. 1991); see Caldwell v. McNutt, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); Echlin v. Boland, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge

the information considered by the parole board because he has no liberty interest in parole); Draughn v. Green, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); Pukyrys v. Olson, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); Carson v. Little, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Accordingly, the Magistrate Judge correctly concluded that Plaintiff failed to state a due process claim.

The court notes that, in support of his position, Plaintiff relies on due process law concerning parole revocations, which is not applicable to his situation. While a person incarcerated in Michigan has no protected liberty interest in an early release, persons who are on parole do have a protected interest in avoiding being returned to prison. Therefore, unlike parole denial, the due process clause does impose limits on the procedures used to revoke parole and entitles parolees to certain rights. Black v. Romano, 471 U.S. 606, 610 (1985); Morrissey v. Brewer, 408 U.S. 471 (1972).

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Plaintiff's objections, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Plaintiff's objections (docket #14), ADOPTS the Magistrate Judge's Report and Recommendation (docket #13), and DISMISSES the complaint for failure to state a claim.

So ordered this 25th day of January, 2008.

                                          /s/ Wendell A. Miles
                                          Wendell A. Miles
                                          Senior U.S. District Judge